# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHAEL ANTHONY MAXIE, | |
| Plaintiff, | Civil Action No. 3:13-CV-848-JVB |
| v. | |
| TONI SCHNEIEER et al., | |
| Defendants. | |

## OPINION AND ORDER

Michael Anthony Maxie, a prisoner proceeding *pro se*, filed this lawsuit on a Prisoner Complaint form pursuant to 42 U.S.C. §1983, but this is not a prison lawsuit. Rather, this claim arises out of a workplace injury that occurred in 2010. Maxie fractured his finger while working at Axis Products. He filed a worker's compensation claim and was provided some medical treatment, but he believes that his care was cut short by the insurance carrier. Thereafter, he was fired by Axis Products. He litigated his claims with the Worker's Compensation Board, but that case was dismissed and closed in 2012. Not satisfied with the result, Maxie sued in state court. That case was also dismissed. In an attempt to challenge that ruling, he filed a notice of appeal, but it was untimely. Though Maxie is not suing the state court judge in this proceeding, he alleges that the dismissal of that case was improper. In this proceeding, Maxie is suing the insurance company, the insurance adjuster, an employee of Axis Products, and perhaps a John Doe medical doctor.[1]

---

[1] Maxie states on the complaint form that he is suing three defendants and he has written the numbers 1, 2, and 3. However, next to number 3 he has written John Doe and directly beneath it he wrote Bradley White. On the same line as those two names, he wrote Axis Products, Inc. Bradley White is not named in the body of the complaint. John Doe is mentioned, but he is a treating physician. It is unclear what Maxie intended, but since this case is meritless no matter whether John Doe is Bradley White or a doctor, it is unnecessary to resolve this question.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. This case is malicious.

Maxie is asking the Court to overturn the results of his state case. However, the review of state-court judgments and related claims has been strictly limited by the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

> Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment. In determining whether a federal plaintiff seeks review of a state-court judgment, we ask whether the injury alleged resulted from the state-court judgment itself. If it does, *Rooker-Feldman* bars the claim.

*Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007) (citations omitted). Simply put, the *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims 'inextricably intertwined' with state court judgments." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). "[O]nly the Supreme Court of the United States may set aside a state court's decision in civil litigation."

*Simmons v. Gillespie*, 712 F.3d 1041, 1043 (7th Cir. 2013). Thus, this Court lacks jurisdiction to overturn his state-court judgment, reconsider his case, and declare him the winner.

Maxie has litigated his claims before the Worker's Compensation Board and in state court. Having lost twice before, he now seeks to drag the insurance company and his former employer back into Court again. This is not the first time that Maxie has refused to stop harassing a victorious Defendant. In *Maxie v. Wal-Mart*, 3:09-CV-260 (N.D. Ind. filed June 12, 2009), the Court dismissed his case because it did not state a claim over which the Court had jurisdiction. Dissatisfied, Maxie sued Wal-Mart again on the same allegations. *Maxie v. Wal-Mart*, 1:09-CV-286 (N.D. Ind. filed Oct. 21, 2009), and had his case dismissed again, for the same reasons. Moreover, he was cautioned "that if he continues to file this Complaint in this District, the fees and costs associated with his filing may be assessed against him." *Id.* at DE 3. Undeterred, Maxie brought the same claims against the same defendant for a third time. In *Maxie v. Wal-Mart*, 3:10-CV-515 (N.D. Ind. filed December 10, 2010), the Court dismissed the case, assessed the $350 filing fee as a fine, and restricted Maxie from filing any further civil cases (except for habeas corpus proceedings). On May 20, 2013, the Court granted Maxie's request to lift the restriction, but cautioned "that lifting the restriction is not an invitation for him to again file meritless lawsuits." *Id.* at DE 22.

That is the first thing that he has done. Moreover, like his Wal-Mart cases, Maxie is attempting to harass Defendants who have already prevailed in prior proceedings and where this Court lacks jurisdiction to hear his case. When the restriction was lifted, he was specifically cautioned that if he re-filed the claims against Wal-Mart that resulted in his restriction, he would be immediately fined and restricted again without further notice. That is not exactly what he has

done here, so he will not be fined or restricted at this time. Nevertheless, Maxie is cautioned that filing meritless, frivolous, and/or malicious lawsuits will subject him to being fined, sanctioned, or restricted.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it is malicious.

**SO ORDERED** on September 4, 2013.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE